DIEDRICH VON MALLEN, Respondent, v. CARL FUHR-
MANN, as Executor of the Last Will and Testament of
EMILY FUHRMANN, Deceased, Appellant.

*Married woman — when her estate is chargeable for groceries purchased by her for the family.*

Where a married woman purchases groceries to be used for the family, and expressly promises to pay for the same, stating that she owns real estate and will pay for what she gets, she thereby benefits her estate and is obliged to pay the purchase-price, although she does not expressly charge her separate estate with the payment thereof.

APPEAL by the defendant Carl Fuhrmann, as executor, etc., from a judgment of the County Court of Queens county, entered, upon the report of a referee, in the office of the clerk of the county of Queens on the 27th day of June, 1889.

The action was commenced to recover the balance of an account due for certain groceries purchased by the defendant's testatrix, who was a married woman residing with her husband as a member of his family.

The referee, before whom the action was tried, found that the testatrix did not, in terms, charge her separate estate with the payment of the groceries purchased, but that the same were sold by the plaintiff and delivered to the said testatrix, at her request and for her benefit and on her sole responsibility, and that during such time she was the owner of real property in her own right. It appeared that the groceries referred to in the complaint were articles of necessary use in the family, of which the said testatrix was a member, and were articles of usual family consumption.

*L. N. Manley*, for the appellant.

*S. B. Noble*, for the respondent.

BARNARD, P. J. :

The proof shows that the deceased, Emily Fuhrman, a married woman, bought the goods of the plaintiff upon her expressed promise to pay for the same, and upon the assurance that she owned real estate and would pay for what she got.

Payments were made on her account, and in May, 1882, there was a balance struck in the cash-book of deceased at forty-seven dollars and seventy-seven cents. The account ran on until May, 1885, when a new balance of seventy-three dollars and thirteen cents was struck, deducting all payments. Subsequent payments reduced the claim to fifty-eight dollars and forty-three cents.

When a married woman buys property she benefits her estate by the addition of the amount of the purchase, and she is obliged to pay the purchase-price for that reason. It is not necessary for her to expressly charge her separate estate.

In addition to this bill, one Miller was proven to have assigned to plaintiff a small balance of seven dollars. The proof showed that Mrs. Fuhrman bought the goods and promised to pay for the same.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.